**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| LOIS C. WANKUM and ALLEN J. WANKUM, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. _____ ) |
| FRITO-LAY NORTH AMERICA, INC., a Delaware corporation, | ) Jury Trial Demanded ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Come now Plaintiffs and for their Complaint against Defendant state:

### ALLEGATIONS COMMON TO BOTH COUNTS

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs Lois C. Wankum and Allen J. Wankum are natural persons and are residents and citizens of Missouri.

2. Plaintiffs are husband and wife and have been married for thirty-four years.

3. Defendant Frito-Lay North America, Inc. ("Frito-Lay") is a Delaware corporation. Frito-Lay's principal place of business is represented by the company to be at 7701 Legacy Drive, Plano, Texas. Frito-Lay does business across the United States, including Missouri, marketing and selling over two dozen snack brands such as Lay's, Doritos, Cheetos, Fritos, Sun Chips, Cracker Jacks, and Tostitos. Frito-Lay does not have a registered agent in Missouri. It's registered agent in Texas is CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas, 75201.

1

4. Frito-Lay is subject to jurisdiction in the State of Missouri and in this Court pursuant to the Missouri "Long-Arm Statute," R.S.Mo. §506.500, because it transacted business in Missouri and committed a tortious act within Missouri that is the basis for Plaintiffs' claims in this complaint.

5. The damages in controversy exceed Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and this lawsuit is between citizens of different states, in that Plaintiffs are citizens of Missouri and Defendant is a citizen of a state other than Missouri. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 based on diversity of citizenship.

6. The conduct of Defendant which gave rise to Plaintiffs' claims occurred within the boundaries of the United States District Court for the Western District of Missouri, Central Division, and therefore venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

## **OCCURRENCE**

7. On November 13, 2018, Lois C. Wankum was shopping at the Jefferson City Wal-Mart on West Stadium Boulevard. After she exited the front door and was walking to the parking lot, she was struck by a truck driven by one Brandon L. Sykes. The force of the collision of the truck with her body was violent and knocked her to the pavement.

8. Mr. Sykes identified himself at the scene as working for Frito-Lay, driving from store to store for Frito-Lay, and "on the clock" for Frito-Lay.

9. In driving the truck into Ms. Wankum, striking her, and knocking her to the pavement, Mr. Sykes failed to keep a careful lookout, failed to yield to a pedestrian, drove too fast for the conditions, and was thereby negligent.

10. In the operation of his truck as described above, Mr. Sykes was acting within the scope and course of his employment or agency for Frito-Lay, and Frito-Lay is therefore vicariously liable for his negligence and for the damages to Plaintiffs caused by such negligence.

## COUNT I

### Personal Injury Claim by Lois C. Wankum

Comes now Plaintiff Lois C. Wankum and for her claim for personal injuries and as Count I of this complaint states:

11. Ms. Wankum incorporates paragraphs 1 through 10 by reference.

12. Ms. Wankum experienced severe pain and bruising over her body from the collision by the truck and contact with the pavement. She first went to her primary care physician for an examination and treatment. She also received chiropractic adjustments to treat the severe pain in her right shoulder and right hip and the pain and stiffness in her spine, neck, and muscles. She continued to undergo chiropractic treatments through approximately March of 2019. She continued to have severe pain in her right shoulder, back, and neck. The pain was relieved temporarily by chiropractic adjustments but would always flare back up. Her pain was exacerbated by any kind of movement or physical activity. The pain caused sleep difficulties, sometimes forcing Ms. Wankum to sleep on the reclining couch, rather than in bed with Mr. Wankum.

13. With her symptoms from her injuries failing to improve, in February 2019 Ms. Wankum returned to her primary care physician for an examination and tests. He prescribed physical therapy, which she attended. She presented to physical therapy with severe pain, muscle weakness, and limited range of motion. The pain continued to be exacerbated by movement, particularly lifting and overhead arm movement. The pain would wake her up at night and she often found herself unable to sleep. Her physical therapy included a wide range of activities and

exercises, including a home exercise program. Despite this regimen of treatment, she continued to experience pain and limitations on her range of motion.

14. In March 2019 her primary care physician diagnosed bursitis of her right shoulder, chronic bilateral low back pain, and chronic pain in her right upper extremity, all as a result of the occurrence on November 13, 2018. Her physician administered a steroid injection to her right shoulder. He also advised continued physical therapy and prescribed a medicinal gel to be applied four times daily to her shoulder and lower back, which she did.

15. Ms. Wankum's pain was at first somewhat mitigated by the treatments, but only temporarily. By late April she was back to the previous levels of pain and returned to her medical care providers for further diagnosis and treatments. By June the pain was more intense than before, and she was diagnosed with worsened bursitis of her right shoulder. A CT scan revealed that the long head of the biceps appeared to be medially subluxed from the superior aspect of the bicipital groove indicative of a partial thickness tear of the superior insertion of the subscapularis tendon.

16. By July, as her pain and loss of range of motion in her right shoulder worsened, Ms. Wankum was referred to an orthopedic surgeon who diagnosed bicipital tendinitis with subluxing long head of the biceps, partial rotator cuff tear, and impingement.

17. To treat her injuries, in August 2020 an orthopedic surgeon performed an arthroscopic rotator cuff repair, limited debridement of biceps/biceps tenotomy, and acromioplasty with coracoacromial ligament release, all to her right shoulder. She was treated with physical therapy after surgery.

18. Subsequently, Ms. Wankum's recovery hit a plateau from which there has been no further improvement. She is left with permanent disability in her right shoulder, impingement

syndrome of her right shoulder, right shoulder pain, weakness, restricted range of motion, decreased muscle strength, pain in her back and neck, difficulty sleeping, and related problems.

19. Ms. Wankum's medical treatments were necessary to treat the injuries she sustained in the occurrence, and her injuries and treatments were the direct and proximate result of the negligence attributed to Frito-Lay as alleged in paragraphs 8 through 10 above.

20. Ms. Wankum's medical expenses for treatment of her injuries from the occurrence are approximately $61,000.00 and counting, as she continues to receive chiropractic treatments for her back and neck.

21. In addition to medical expenses, Ms. Wankum has also suffered lost wages, mileage expenses, and other costs attributable to the treatment of the injuries from the occurrence, and she is thereby damaged.

22. As a direct and proximate result of the injuries she sustained in the occurrence, Ms. Wankum continues to have pain and suffering, loss of range of motion, inability to perform her previous duties and functions around the house, on the farm, and with the family, all to her damage in the sum of at least $400,000.00 or whatever greater sum is fair and reasonable.

WHEREFORE, Plaintiff Lois C. Wankum prays for judgment on Count I against Defendant Frito-Lay North America, Inc. in the sum of $400,000.00 or for a greater amount as may be fair and reasonable, and for her costs herein expended.

## COUNT II

## Loss of Consortium Claim by Allen J. Wankum

Comes now Plaintiff Allen J. Wankum and for his claim for loss of consortium and as Count II of this complaint states:

23. Plaintiff Allen J. Wankum incorporates paragraphs 1 through 10 by reference.

24. Plaintiff Allen J. Wankum incorporates paragraphs 11 through 22 of Count I by reference.

25. As a direct and proximate result of the injuries to Lois C. Wankum from the occurrence and the resulting disabilities and impairments which have degraded her ability to fully return to her services, avocations and duties in the home and on the farm, Plaintiff Allen J. Wankum has been deprived of the normal love, affection, and companionship of his spouse, and has had to assume more of the burdens of work in the house and on the farm that she would otherwise be assisting him in doing, all to his damage in the sum of $50,000.00 or whatever greater sum is fair and reasonable.

WHEREFORE, Plaintiff Allen J. Wankum prays for judgment on Count II against Defendant Frito-Lay North America, Inc. in the sum of $50,000.00 or for a greater amount as may be fair and reasonable, and for his costs herein expended.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial.

/s/ Dale C. Doerhoff

| | |
|---|---|
| Dale C. Doerhoff | #22075 |
| Heidi Doerhoff Vollet | #49664 |
| Shelly A. Kintzel | #55075 |
| Eric McDonnell | #72017 |

COOK, VETTER, DOERHOFF & LANDWEHR, P.C.
231 Madison St.
Jefferson City, MO 65101
Phone: 573-635-7977
Fax:  573-635-7414
Email: ddoerhoff@cvdl.net
  hvollet@cvdl.net
  skintzel@cvdl.net
  emcdonnell@cvdl.net

ATTORNEYS FOR PLAINTIFFS